UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**PEGGY SLICHTER,**

    Plaintiff,

v.                                              Case No. 2:21-cv-704-JLB-NPM

**THE SCHOOL BOARD OF LEE COUNTY, FLORIDA,**

    Defendant.

### REPORT AND RECOMMENDATION

Plaintiff Peggy Slichter began working for the Lee County School District in 1997. On December 2, 2020, she joined the staff at Manatee Elementary School as an assistant principal. (Doc. 1, ¶ 7). But by the following May, her employment contract was not renewed and her time with the district came to an end. (Doc. 1, ¶ 26). She asserts that from the moment she stepped foot on campus, Manatee Elementary's principal set out to harass and build a case against her "for being a strong woman of color." (Doc. 2-2, p. 4). Hence, the filing of this employment-discrimination action.

As an adjunct to her race, national origin, disability, and FMLA claims, Slichter alleges her discharge can also be attributed to her conduct as a whistleblower. And under Florida's Whistle-blower's Act for public employees

("FWA"),[1] she seeks an order compelling the school district to temporarily reinstate her employment pending the outcome of this matter. (Doc. 2).[2] Because she fails to satisfy the statutory elements for such relief, her request for temporary reinstatement should be denied.

## I.     Temporary reinstatement under the FWA

The FWA prohibits local agencies from taking adverse action against certain employees who disclose to an appropriate agency or agency official:

> (a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare.
>
> [or][3]
>
> (b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.

Fla. Stat. § 112.3187(5). And the FWA contains a temporary reinstatement provision

---

[1] Florida also has a whistleblower statute for employees in the private sector (Fla Stat. §§ 448.101 – 448.105). Slichter's citations to cases applying or construing that statute are not on point.

[2] While it would be fair to read Slichter's motion as seeking reinstatement to her former position as an assistant principal at Manatee Elementary School rather than any equivalent position, her motion's vague request for reinstatement could be read either way.

[3] While Section 112.3187(5) does not include "or" or "and" between subsections (a) and (b), courts have interpreted this provision as requiring either (a) *or* (b). *See, e.g.*, *Griffin v. Sun N' Lake of Sebring Improvement Dist.*, No. 2:16-cv-14062, 2017 WL 5202683, *2-4 (S.D. Fla. Jan. 20, 2017) (granting temporary reinstatement and finding plaintiff made a showing under subsection (b) but not subsection (a)); *King v. State of Fla.*, 650 F. Supp. 2d 1157, 1162 (N.D. Fla. 2009) (reasoning that subsections (a) and (b) are alternative showings).

2

that provides in relevant part:

> **(9) Relief.**--In any action brought under this section, the relief must include the following:
>
> (f) Temporary reinstatement to the employee's former position or to an equivalent position, pending the final outcome on the complaint, if an employee complains of being discharged in retaliation for a protected disclosure and if a court of competent jurisdiction or the Florida Commission on Human Relations, as applicable under [section] 112.31895, determines that the disclosure was not made in bad faith or for a wrongful purpose or occurred after an agency's initiation of a personnel action against the employee which includes documentation of the employee's violation of a disciplinary standard or performance deficiency.

Fla. Stat. § 112.3187(9)(f).

Because this concerns a preliminary question, a plaintiff need only make an initial showing; the court's findings relate only to whether temporary reinstatement is warranted and are not binding as to the merits of the FWA claim. *See Broward Cty. Sheriff's Office v. Hamby*, 300 So. 3d 213, 217 n.2 (Fla. 4th DCA 2020); *Pritz v. Sch. Bd. of Hernando Cty.*, 260 So. 3d 1117 (Fla. 5th DCA 2018); *Competelli v. City of Belleair Bluffs*, 113 So. 3d 92, 94 n.1 (Fla. 2d DCA 2013); *Vickaryous v. Sch. Bd. of Collier Cty.*, No. 2:18-cv-315-FtM-99MRM, 2019 WL 949303, *3 n.3 (M.D. Fla. Feb. 27, 2019).

### A. The purported disclosures were in direct and immediate response to the initiation of personnel actions.

Apparently recognizing that retaliatory whistleblowing can needlessly clog the courts with dubious whistleblowing claims, the FWA precludes an award of

temporary reinstatement when the purported whistleblowing takes place after a personnel action is initiated against the employee. As provided in the FWA, temporary reinstatement is not available when the purported disclosures "occurred after an agency's initiation of a personnel action against the employee ***which includes documentation of the employee's violation of a disciplinary standard or performance deficiency***." Fla. Stat. § 112.3187(9)(f) (emphasis added). This is a textbook example of such a case.

Slichter's motion rests on two "rebuttal letters" she submitted in response to written reprimands placed in her personnel file.[4] On March 3, 2021, Manatee Elementary School principal Scott LeMaster reprimanded Slichter in writing for failing to promptly advise him about a 5-year-old kindergartner falsely claiming that a machete was in her backpack; failing to promptly contact the parents of the student and the parents of another student who heard the false claim; and for failing to document the incident in a software program known as FOCUS. (Doc. 2-1). And on April 21, 2021, LeMaster reprimanded Slichter in writing for a social media post depicting her enjoying a mint julep and crabcakes in New Orleans. At the time, a doctor's note advised she could not work, and she had been absent from the school

---

[4] Slichter's motion alludes to unspecific allegations in her pleading of other whistleblowing conduct, but "an employee cannot obtain temporary reinstatement based on 'vague and conclusory allegations' of a protected disclosure." *Moise v. The Sch. Bd. of Collier Cnty.*, No. 2:20-cv-102-JLB-NPM, 2021 WL 973497, *3 (M.D. Fla. Mar. 16, 2021) (quoting *Broward Cnty. Sheriff's Off. v. Hamby*, 300 So. 3d 213, 216 (Fla. 4th DCA 2020)).

for over a month.[5] (Doc. 2-2).

Both reprimands advised Slichter that her conduct violated professional standards promulgated in writing by the school board. (Docs. 2-1, 2-2; *see* Doc. 25-1 ¶¶ 4-5). The first stated the reprimand would be maintained in her "school-based personnel file" and possibly forwarded to her district personnel file if "similar or related conduct persists." (Doc. 2-1, p. 5). And the second stated that the reprimand would be placed in her (presumably district) personnel file. (Doc. 2-2, p. 4). Both reprimands advised Slichter that she could submit written responses for inclusion in her personnel file. Within days of each, she did. And now she argues statements made in these rebuttal letters constitute whistleblowing and supply grounds for her temporary reinstatement.

Squarely at odds with the plain text of the statute,[6] Slichter's argument should be rejected. Her purported whistleblowing disclosures were not only made ***after*** the "documentation of [her] violation of a disciplinary standard or performance deficiency," Fla. Stat. § 112.3187(9)(f), but they were made just days later and in direct response to these personnel actions against her. On this basis alone, her motion

---

[5] LeMaster also observed that in the four-and-a-half months since Slichter began working at Manatee Elementary, she had missed 28 school days.

[6] Notably, Slichter concedes that the "statutory language of the FWA is not ambiguous and the plain meaning of the statute must prevail." (Doc. 2, p. 5 n.4). Hence, her various arguments about giving the statute a liberal or remedial construction have no moment.

for temporary reinstatement should be denied.[7]

### B. The rebuttal letters do not constitute whistleblower complaints.

To read Slichter's briefing about the content of the rebuttal letters and to then read the actual text of the rebuttal letters is to be caught in a Marx-like routine of "Who you gonna believe, me or your lying eyes?" Her briefing portrays the rebuttal letters as "push[ing] for compliance with SESIR reporting" (Doc. 2, p. 15)[8] and "object[ing]" to the untimeliness of "Title I reports" related to obtaining federal funding (Doc. 2, p. 17).[9] But the rebuttal letters did not push for compliance with SESIR reporting or object to the speed with which Title I data was submitted; rather, they simply offered excuses and justifications for Slichter's conduct and attempted to portray Slichter as being subject to a double-standard.

In fact, neither letter contains any reference to SESIR, let alone a complaint about violating it. Instead, Slichter advanced a two-pronged rebuttal to her being

---

[7] Tellingly, Slichter makes no attempt, in either her opening or reply memorandums, to argue that her rebuttal letters did not come after "documentation of [her] violation of a disciplinary standard or performance deficiency." Fla. Stat. § 112.3187(9)(f). Feigning resistance to defendant's arguments on this point, Slichter talks instead about how the written reprimands might not fall within the scope of terms used in other sections of the FWA or in other statutes. But ignoring the text of § 112.3187(9)(f) is no way to satisfy it.

[8] SESIR is an acronym for School Environmental Safety Incident Reporting, which is a system that collects data and provides school-level, district-level, and state-level reports about violent, criminal, or disruptive incidents and related disciplinary actions. (*See* Doc. 1 ¶¶ 16-17; Doc. 2, pp. 13-14); *see also* https://www.fldoe.org/safe-schools/sesir-discipline-data/about.stml.

[9] *See also* Doc. 35, pp. 3-4 (representing that Slichter objected to SESIR violations); *id*. at p. 5 (representing that Slichter objected to untimely "Title I Reports").

reprimanded for not writing up the kindergarten-machete incident as "a referral in FOCUS." (Doc. 2-1, p. 5). Her primary point was that the incident was not serious and that it would be inconsistent with prior practice to report it as such. (Doc. 2-1, p. 4 (asserting the incident "was nothing more than a kindergarten student saying something very stupid")). And by way of comparison, she pointed to an incident that was characterized as "disruptive behavior" even though it could have been labeled a "battery." (Doc. 2-1, p. 3). Indeed, she argued "we would be lying as a school" if it were reported as either a threat violation or a weapons violation. (Doc. 2-1, p. 4). So far from arguing for more reporting, she was arguing for less.

And secondly, she argued that citing her made for a double standard. For this point, Slichter referenced an incident handled by another assistant principal. She questioned whether her colleague was cited for not promptly or fully explaining how the situation was addressed, even though it was more serious and not written up in FOCUS until the day after it occurred. (Doc. 2-2, pp. 3-4). Contrary to the suggestion in the motion that Slichter somehow blew the whistle on this incident not being reported (Doc. 2, p. 16), the contention Slichter advanced in her rebuttal letter was that she should not be cited for the kindergarten incident if her colleague was not cited for doing something similar.

Nor did the rebuttal letters contain any objection about the untimeliness of "Title I reports." As Slichter acknowledged in her first rebuttal letter, the timing at

issue was merely a district expectation (Doc. 2-1, p. 5), and in neither letter did she suggest that not meeting the district's expectation amounted to misfeasance or a violation of the law. Rather, she merely referred to being consumed with a Title I backlog as an excuse for not getting certain items in the teachers' mailboxes on time, and to question whether she should be cited for that untimeliness when she had more pressing matters that were running behind. (*Id.*, pp. 4-5).

In sum, the rebuttal letters simply do not live up to their billing as whistleblower complaints and should not serve as grounds for temporary reinstatement. As Slichter stated at the outset of each rebuttal letter, they were really submitted in an effort "to protect [her]self." (Doc. 2-1, p. 1; Doc. 2-2, p. 1). *See Moise v. The Sch. Bd. of Collier Cnty.*, No. 2:20-CV-102-JLB-NPM, 2021 WL 973497, *4 (M.D. Fla. Mar. 16, 2021) (denying reinstatement because "expressing frustration with the School Board's approach is not the same as reporting illegal activity or gross mismanagement").

**II.   Recommendation**

Without prejudice to either party's ability to prosecute or defend, Slichter's request for temporary reinstatement (Doc. 2) should be **DENIED**.

Respectfully recommended on August 16, 2022.

*[signature]*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**