UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEGGY SLICHTER, an individual,

    Plaintiff,

v.                                                                        Case No: 2:21-cv-704-JLB-NPM

THE SCHOOL BOARD OF LEE
COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR TEMPORARY REINSTATEMENT**[1]

Peggy Slichter moves the Court for her temporary reinstatement under Florida's Public Whistleblower Act, Fla. Stat. § 112.3187(9)(f) ("FWA"). (Doc. 2.) The School Board of Lee County, Florida ("School Board") opposes Ms. Slichter's temporary reinstatement (Doc. 25), and Ms. Slichter has replied (Doc. 35). The matter was referred to the Magistrate Judge for a recommended disposition. (Doc. 30.) The Magistrate Judge filed his Report and Recommendation on August 16, 2022, recommending the Court deny Ms. Slichter's motion for temporary reinstatement. (Doc. 38.)

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Ms. Slichter filed objections to the Report and Recommendation, arguing that it is incorrect in two overarching respects.[2] (Doc. 39.) First, she contends that the Report and Recommendation improperly concludes that Ms. Slichter did not engage in statutorily protected activity under the FWA. Next, she asserts it is further incorrect by determining that she was statutorily disqualified from temporary reinstatement because her purported whistleblowing disclosures were made after personnel actions against her. After independently examining the entire file and <u>de novo</u> review of the objected-to findings of fact and recommended conclusions of law set forth in the Report and Recommendation, the Court adopts the Report and Recommendation.[3]

The FWA's remedial section entitles temporary reinstatement of a complainant-employee if she demonstrates the following: "1) prior to termination the employee made a disclosure protected by the statute; 2) the employee was discharged; and 3) the disclosure was not made in bad faith or for a wrongful purpose, and did not occur after an agency's personnel action against the employee." State, Dep't of Transp. v. Fla. Comm'n on Human Relations, 842 So. 2d 253, 255

---

[2] It is unnecessary to wait for the School Board's response in addressing Ms. Slichter's objections and ruling on the pending motion.

[3] A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. And legal conclusions are reviewed de novo even without any objection. Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

(Fla. 1st DCA 2003). Section 112.3187 explains that a "disclosure" is "protected" if it involves:

> (a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare.
>
> (b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.

Fla. Stat. § 112.3187(5)(a)–(b). Furthermore, the FWA allows for temporary reinstatement of the complainant-employee as follows:

> (9) Relief.--In any action brought under this section, the relief must include the following:
> . . .
> (f) Temporary reinstatement to the employee's former position or to an equivalent position, pending the final outcome on the complaint, if an employee complains of being discharged in retaliation for a protected disclosure and if a court of competent jurisdiction or the Florida Commission on Human Relations, as applicable under [section] 112.31895, determines that the disclosure was not made in bad faith or for a wrongful purpose *or occurred after an agency's initiation of a personnel action against the employee which includes documentation of the employee's violation of a disciplinary standard or performance deficiency*.

Fla. Stat. § 112.3187(9)(f) (emphasis supplied).[4]

---

[4] Because this concerns a preliminary question, Ms. Slichter need only make an initial showing; the Court's findings are for the purposes of whether temporary reinstatement is warranted only and are not binding as to the merits of the FWA claim. See Broward Cnty. Sheriff's Office v. Hamby, 300 So. 3d 213, 217 n.2 (Fla. 4th DCA 2020).

First, the Magistrate Judge correctly found that Ms. Slichter's "rebuttal letters[5] did not push for compliance with SESIR reporting[6] or object to the speed with which Title I data[7] was submitted." (Doc. 38 at 6.) Ms. Slichter contends this finding "overlooks the actual words" in her letters. (Doc. 39 at 3.) But, confusingly so, she later urges the Court not to look for "magic words" or explicit violations in her letters but instead to interpret those letters as addressing the "nuanced" communications of her complaints of misfeasance or malfeasance. (Doc. 39 at 3–6.)

The Court disagrees. After careful review, it is clear that the rebuttal letters do not—even taking a "nuanced" view of them, as Ms. Slichter suggests—constitute protected disclosures about the school's compliance with SESIR or Title I reporting. The context and content of Ms. Slichter's rebuttal letters demonstrate that, to the very limited extent she mentions SESIR or Title I at all, she did not set out to communicate any violations, malfeasance, or misfeasance. The letters instead

---

[5] The communications here are letters Ms. Slichter wrote in response to written reprimands from her school's principal, Dr. Scott LeMaster.

[6] "SESIR is an acronym for School Environmental Safety Incident Reporting, which is a system that collects data and provides school-level, district-level, and state-level reports about violent, criminal, or disruptive incidents and related disciplinary actions." (Doc. 38 at 6 n.8 (citing Doc. 1 ¶¶ 16–17; Doc. 2 at 13–14; About SESIR – School Environmental Safety Incident Reporting (fldoe.org)).

[7] As alleged by Ms. Slichter, Title I of the Elementary and Secondary Education Act, as amended by the Every Student Succeeds Act (ESSA), provides financial assistance to local educational agencies and schools with high numbers or high percentages of children from low-income families to help ensure that all children meet state academic standards. (Doc. 1 ¶ 31); Title I, Part A: Improving the Academic Achievement of the Disadvantaged (fldoe.org).

merely communicate excuses, justifications, and rationalizations for her conduct that violated School District standards.

Ms. Slichter's first rebuttal letter and purported whistleblowing disclosure followed her March 3, 2021, written reprimand for (1) failing to promptly advise her school principal, Dr. LeMaster, about a kindergartner who claimed, falsely as it turned out, she had a machete in her backpack, (2) failing to promptly contact the kindergartener's parents and the parents of a student who heard the false claim, and (3) failing to document the incident. (Doc. 2-1.) Ms. Slichter's second rebuttal letter followed her April 21, 2021, written reprimand for violating applicable professional standards. (Doc. 2-2.) As background, Ms. Slichter provided a doctor's note that her more than a month's absence from work was because she was unable to work. However, during that prolonged absence period, she posted on social media a photograph of her relishing crabcakes and a mint julep in New Orleans. Both instances violated School Board policy in at least one way.

This finding that Ms. Slichter's communications did not involve a "protected disclosure" under section 112.3187(5)—alone—is enough to deny Ms. Slichter's request for temporary reinstatement. Fla. Stat. § 112.3187(5)(a)–(b); see Moise v. The Sch. Bd. of Collier Cnty., No. 2:20-CV-102-JLB-NPM, 2021 WL 973497, at *3–5 (M.D. Fla. Mar. 16, 2021) (stating, "[t]he first requirement of section 112.3187(9)(f) is that the employee must demonstrate, at least preliminarily, that they made a protected disclosure," and denying temporary reinstatement on finding the plaintiff made no such protected disclosure). At bottom, the Magistrate Judge did not err in

recommending that Ms. Slichter's motion for temporary reinstatement be denied because she did not make a preliminary showing of any protected disclosure.[8]

Turning to Ms. Slichter's second argument, the Report and Recommendation concluded that because her rebuttal letters were made after (indeed, as a direct response to) Dr. LeMaster's "documentation of [Ms. Slichter's] violation of a disciplinary standard or performance deficiency," her argument for temporary reinstatement is "[s]quarely at odds with the plain text of the statute." (Doc. 38 at 5 (citing Fla. Stat. § 112.3187(9)(f)).) Even if Ms. Slichter's two rebuttal letters somehow established a preliminary showing of a protected disclosure, the Court agrees with the Report and Recommendation that those reprimand letters are personnel actions.

After a careful de novo review, the written reprimands from Dr. LeMaster clearly evince "personnel action" against Ms. Slichter that includes "documentation of [Ms. Slichter's] violation of a disciplinary standard or performance deficiency." Fla. Stat. § 112.3187(9)(f). The Report and Recommendation concludes that, because Ms. Slichter's purported whistleblowing disclosures were made after these written reprimands, she is disqualified from temporary reinstatement. (Doc. 38 at 5.)

---

[8] As the Magistrate Judge aptly notes, it is telling that on the first page of both of Ms. Slichter's rebuttal letters Ms. Slichter noted that she submitted the letters in an effort "to protect [her]self." (Doc. 38 at 8 (citing Doc. 2-1 at 1; Doc. 2-2 at 1).)

Ms. Slichter objects, arguing that a write-up does not constitute the kind of personnel action contemplated by section 112.3187(9)(f). (Doc. 39 at 8–13.) As Ms. Slichter would have it, section 112.3187(9)(f) merely precludes temporary reinstatement when an otherwise qualifying disclosure is made after an <u>adverse</u> personnel action <u>provided it is accompanied by</u> documentation of that employee's violation of a disciplinary standard or performance deficiency. (Doc. 35 at 6–9.) She also asks this Court to accept that a "personnel action" is the same as an "adverse personnel action." (Doc 35 at 10 n.7.) The School Board contends (and the Report and Recommendation agrees) that "documentation of the employee's violation of a disciplinary standard or performance deficiency" is—in and of itself—an example of a personnel action that cannot precede a protected disclosure. (Doc. 25 at 6–10; Doc. 38 at 3–6.)

The Court finds it difficult to reconcile Ms. Slichter's argument that an employer's action of composing a reprimand letter to an employee: (1) setting forth the employee's specific conduct at issue, (Doc. 25-1 at 6–7, 9–10), (2) identifying that her conduct contravened specific employment standards to which the employee is bound, (Doc. 25-1 at 7–9), (3) directing an employee to follow specific directions customized to the violative behavior (Doc. 25-1 at 7, 10) or she would receive "further discipline action up to and including termination," (Doc. 25-1 at 7, 10), and (4) then explaining that the letter would be made a part of the employee's school and/or School District personnel file, (Doc. 25-1 at 7, 10) is not the kind of "personnel action" the Florida Legislature envisioned when it penned the phrase,

7

"determines that the disclosure . . . occurred after an agency's initiation of a <u>personnel action</u> against the employee <u>which includes documentation of the employee's violation of a disciplinary standard or performance deficiency</u>." Fla. Stat. § 112.3187(9)(f) (emphasis supplied).

To accept Ms. Slichter's strained interpretation of section 112.3187(9)(f), a provision which she admits is unambiguous (Doc. 2 at 5 n.4), would require this Court to add language—"provided it is accompanied by" before the phrase "documentation of that employee's violation of a disciplinary standard or performance deficiency," (Doc. 35 at 8), and "adverse" before section 112.3187(9)(f)'s phrase, "personnel action."  Had the Florida Legislature intended the statute to include that the "personnel action" must be "adverse," such as an employee's termination, <u>and</u> intended to include "provided it is accompanied by" before the phrase "documentation of that employee's violation of a disciplinary standard or performance deficiency," as Ms. Slichter suggests, the Florida Legislature would have put that language in the statute in the first place.  See Therlonge v. State, 184 So. 3d 1120, 1121 (Fla. 4th DCA 2015) ("In analyzing statutory language, reviewing courts must give the statutory language its plain and ordinary meaning, and cannot add words which were not placed there by the Legislature.") (internal citation and quotation marks omitted); cf. McCoy v. R.J. Reynolds Tobacco Co., 229 So. 3d 827, 829 (Fla. 4th DCA 2017) (explaining that where the text "is not ambiguous, . . . a court should not add words to manipulate its meaning").

In final analysis, Ms. Slichter is not entitled to temporary reinstatement for either or both of the two, independent reasons set forth in the Report and Recommendation.

Accordingly, it is now **ORDERED**:

1. Ms. Slichter's objections (Doc. 39) are **OVERRULED.**

2. The Report and Recommendation (Doc. 38) is **ADOPTED.**

3. Ms. Slichter's Motion for Temporary Reinstatement (Doc. 2) is **DENIED.**

**ORDERED** in Fort Myers, Florida on September 7, 2022.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

9